**Captain William E. NAILL, United States Army, Petitioner–Appellant,**

v.

**The Honorable Clifford L. ALEXANDER, Jr., Secretary of the Army, et al., Respondents–Appellees.**

No. 79–1633.

United States Court of Appeals, Tenth Circuit.

Argued March 14, 1980.

Decided Sept. 25, 1980.

found that there was a basis in fact for denial by the Secretary of the Army of petitioner's application for discharge and so denied the petition. The basic issue on appeal is whether there existed a basis in fact for the determination that petitioner's conscientious objection was not based upon "religious training and belief."

Captain Naill entered the Army in 1973 under an Armed Forces scholarship program through which he studied to become a medical doctor. Upon completion of his degree in June of 1977, he entered into active duty at Fitzsimons Army Medical Center in Denver, Colorado. On November 13, 1978, he submitted an application for discharge as a conscientious objector. Pursuant to Army regulations, he was interviewed by a psychiatrist and a chaplain. He was found to be of sound mind and sincere in his belief that "he no longer can in good conscience continue his present relationships to the military."

The investigating officer appointed to the case conducted a hearing. On the basis of the hearing and interviews with a number of individuals he recommended that Captain Naill be granted CO status. This recommendation was not accepted by the Staff Judge Advocate's Office, and the case was returned for development of a more comprehensive record. Further investigation was conducted and the investigating officer again recommended the granting of the application. The next several headquarters recommended denial, as did the Department of Army Conscientious Objector Review Board. The Board found that Captain Naill's beliefs were not based upon religious training and belief within the meaning of Army Regulation 600–43 and that he was not sincere in his beliefs.

Captain Naill then petitioned the district court for a writ of habeas corpus. The court found that the petitioner was sincere in his beliefs, but that the "religious training and belief" requirement had not been met. The court held that there was a "basis in fact" for the Board's finding that

Richard P. Fox of Richard P. Fox & Max Gest, a professional law corporation, Los Angeles, Cal., for petitioner–appellant.

William C. Danks, Asst. U.S. Atty., Denver, Colo. (Joseph F. Dolan, U.S. Atty., Denver, Colo., and Calvin M. Lederer, Captain, JAGC, Litigation Division, Washington, D.C., with him on brief), for respondents–appellees.

Before SETH, Chief Judge, and BARRETT and McKAY, Circuit Judges.

SETH, Chief Judge.

This appeal is taken from denial of a petition for a writ of habeas corpus for release from the Army as an in–service conscientious objector. The district court

petitioner's beliefs were based solely upon considerations of policy, pragmatism, and political views.

■ The standard of review for denial of an application such as this is, of course, whether there is a "basis in fact" for the denial. *Cole v. Clements,* 494 F.2d 141 (10th Cir.); *Smith v. Laird,* 486 F.2d 307 (10th Cir.); *Fleming v. United States,* 344 F.2d 912 (10th Cir.). This standard "has indeed been characterized as being 'the narrowest known to the law.' *Bishop v. United States,* 412 F.2d 1064 (9th Cir. 1969)." 494 F.2d at 144.

We are concerned on this appeal with the "religious training and belief" aspect of Army Regulation 600–43. The regulation contains an explanation of the term, and it is apparent that the beliefs of the individual need not be "religious" in the traditional sense. *Welsh v. United States,* 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308. The test for "religious belief" was set out by the United States Supreme Court in *United States v. Seeger,* 380 U.S. 163, 176, 85 S.Ct. 850, 859, 13 L.Ed.2d 733:

> "A sincere and meaningful belief which occupies in the life of its possessor a place parallel to that filled by the God of those admittedly qualifying for the exemption . . . ."

The Board found, as mentioned, that Captain Naill's views rested "solely upon considerations of policy, pragmatism, expediency, or political views." In upholding the Board's decision, the district court referred to record evidence of the petitioner's views:

> "Captain Naill maintains that he became a conscientious objector in the late spring or early summer of 1978. Record, p. 48. He describes his first conflict *with regulations* as occurring in May of 1978 in connection with his work for the Rocky Flats Truth Force (a local organization actively opposed to nuclear power). Record, p. 23. He has written numerous letters to Congress. *Id.* Finally, he states, after thought and meditation, and

after discussing the requirements with an attorney, he concluded that he was a conscientious objector. *Id.* Captain Naill reached this conclusion in October of 1978. *Id.*

> "In a general moral sense, Captain Naill characterizes himself as a Christian (record, p. 16, 46) agnostic (record, p. 45–46) who is in a continuum of change in his beliefs (record, p. 19) and is undergoing a deepening religiosity (record, p. 20).

> "On a more specific plane, Captain Naill states that certain Christian admonitions are 'morally satisfying and socially effective' (record, p. 16); that 'one should volunteer honesty, generosity, and truth' (*id.*); and that living by the sword resulted in dying by the sword, or that 'what goes around, comes around' (id.). Captain Naill states that these 'are moral truths in my life' and that he believes they should be implemented. *Id.*

The court held that a prima facie case on the "religious training and belief" element was not established, and "there exists record evidence which counters applicant's case and blurs the picture painted by the applicant." *See Smith v. Laird,* 486 F.2d 307 (10th Cir.).

■ Upon a review of the record, we agree that there is a basis in fact for denial of the application. The evidence presented by the applicant dealt with his political views and activities. Although an applicant may be influenced " 'more by sociological and philosophical views than by religious beliefs or the dictates of a deity,' " *Fleming v. United States,* 344 F.2d 912, 916 (10th Cir.), still the heavy burden of proving the existence of religious belief is on the applicant.

Captain Naill's application and statements indicated only a general turmoil and dissatisfaction with his role in the military. The only demonstrated position was his participation in the Rocky Flats objections, and his letters on political matters. It is apparent from the record that no specific beliefs

have crystallized as contemplated by the Army regulations. He has demonstrated nothing except a conclusion that he is a conscientious objector but without being able to formulate a reason. His beliefs and views are vague and are political and sociological. The only specific position demonstrated by the record again was his objection to nuclear development in the Denver area. His affiliation with the American Friends Service Committee was evidenced only by the same objection. This is not a religious belief as defined by the cases.

This is quite a different case from *Smith v. Laird*, 486 F.2d 307 (10th Cir.), decided by this court on a very different record. There the petitioner clearly established that he was opposed to war in any form as mentioned in the regulations, and the record described him as a "complete pacifist" with beliefs not politically motivated. The basic issue on appeal in *Smith* was the matter of sincerity which arose from the timing of his application. It was decided that he was sincere.

Captain Naill is sincere in his general concern and is troubled by his position and work. However, he was unable to demonstrate that he held convictions contemplated by the regulations.

We must conclude that the trial court was correct in finding that there was a basis in fact for the denial of petitioner's application for conscientious objector status.

AFFIRMED.